IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WALTER B. JONES, #23677-018                                                     PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:07cv173DCB-MTP

CONSTANCE REESE, Warden FCI-Yazoo                               RESPONDENT

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Jones, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 17, 2007. Upon review of the petition, this Court has reached the following conclusion.

### Background

Petitioner was found guilty by a jury of violating 21 U.S.C. § 846 in the United States District Court for the Middle District of Florida on January 7, 2000. Petitioner was sentenced to serve 175 months in the custody of the Bureau of Prisons. On September 21, 2001, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's judgment. He then filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the United States District Court for the Middle District of Florida which denied on November 18, 2002.

According to the United States Courts PACER Service, petitioner filed another motion to vacate his sentence on July 14, 2006, in the United States District Court for the Middle District of Florida in Jones v. U.S., 3:06cv645-J-20HTS (S.D. Fla. July 27, 2006) and it was denied.

### Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto,

956 F.2d 83, 84 (5th Cir.1992); see Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack, 218 F.3d at 451 (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)). In Pack, the United States Court of Appeals for the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452. Clearly, petitioner has filed the instant § 2241 petition challenging alleged errors that occurred during his federal conviction concerning the denial of his right to hire private counsel guaranteed to him by the Sixth Amendment, see U.S. v. Gonzalez-Lopez, ____ U.S. ____, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), which is not properly pursued in a § 2241 petition. See Ojo v. INS, 106 F.3d 680, 683 (5th Cir.1997) ("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing.").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner

establishes that the remedy under § 2255 is inadequate or ineffective. Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

Petitioner argues that the United States Supreme Court's holding in U.S. v. Gonzalez-Lopez, ____ U.S. ____, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), affords him relief from his federal conviction and sentence imposed by the United States District Court for the Middle District of Florida. As discussed below, this court is not persuaded by petitioner's claim that he is entitled to the requested relief pursuant to 28 U.S.C. § 2241. The United States Court of Appeals for the Fifth Circuit in Reyes-Requena v. United States, 243 F.3d 893 (5th Cir.2001) developed a two prong test that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. The two prong test is as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and*
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904.

The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903. To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). This courts finds that the violations of the statue for

3

which the petitioner was found guilty was a crime at the time of his conviction, and it continues to be a crime today. Clearly, the petitioner was not convicted of a nonexistent crime. See Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); see also Jeffers v. Chandler, 253 F.3d 827 (5th Cir. 2001) (The Jeffers Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by Reyes-Requena). Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.

Moreover, the United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)). Further, this court is not persuaded by the fact that the petitioner is beyond the one-year statute of limitation to file a § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 902 (citing Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Therefore,

4

since the petitioner's claim does not meet the stringent requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition and thus, this court will not address the merits of this civil action.

## Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. See Pack v. Yusuff, 218 F.3d 448, 454-455 (5th Cir. 2000).

SO ORDERED, this the     29th     day of October, 2007.

                                                            s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE